IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC ERNST** | Case No._____ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **UNION COUNTY CONSERVATION DISTRICT** | |
| Defendant. | *Electronically Filed* |

## COMPLAINT

Plaintiff Eric E. Ernst, through his attorneys, McQuaide Blasko, Inc., files this Complaint against Defendant Union County Conservation District, and in support thereof avers the following:

### Parties

1.     Mr. Ernst is an adult individual and citizen of the Commonwealth of Pennsylvania, and currently resides at 8000 State Route 44, Watsontown, Pennsylvania 17777.

2.     Mr. Ernst was born in 1964.

3.     Union County Conservation District is a political subdivision of the Commonwealth of Pennsylvania, formed on March 6, 1957, under Act

1

217 "State Soil and Conservation Law" ("Union County"). Union County

has offices located at 155 N. 15th Street, Lewisburg, Pennsylvania 17837.

4.       Union County is an employer covered by the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et

seq. ("ADEA"), Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

("PHRA"), and Pennsylvania Whistleblower Law, 43 P.S. § 1421 et seq.

("PWBL").

## Jurisdiction

5.       This Court has subject matter jurisdiction over this matter

under section 7 of the ADEA, 29 U.S.C. § 626 and under 28 U.S.C. § 1331.

6.       This court has supplemental jurisdiction over Mr. Ernst's state

law claims under 28 U.S.C. § 1367.

7.       Venue is proper under 28 U.S.C. § 1391 because the acts of age

discrimination and retaliation giving rise to Mr. Ernst's claims occurred in

this judicial district and Union County maintains a place of business in this

judicial district.

## Background Facts

8.       Mr. Ernst incorporates the allegations of Paragraphs 1-7 above

as if fully restated here.

2

9.      Mr. Ernst's employment with Union County began in 1989. At that time, he was employed in Union County's maintenance department.

10.     In or around December 1994, Mr. Ernst began working for Union County's Conservation District as an Erosion & Sedimentation Pollution Control Technician.

11.     Between December 1994 and January 2019, Mr. Ernst had no job-related issues with Union County.

12.     In or around January 2019, Union County hired Eric Nyerges as Conservation District Manager. Mr. Nyerges was Mr. Ernst's supervisor.

13.     Issues between Mr. Ernst and Mr. Nyerges began after he was hired.

14.     For example, in February 2020, Mr. Ernst requested time off to attend his granddaughter's funeral. Mr. Nyerges asked Mr. Ernst if his granddaughter's death was the result of a miscarriage, and he ultimately denied Mr. Ernst' request. Mr. Ernst had to go through Union County's Human Resources office in order to have the bereavement day approved.

15.     Upon information and belief, Mr. Nyerges would deny Mr. Ernst time off but approve similar requests for other staff members.

16.     When Mr. Ernst would request to use sick leave, Mr. Nyerges would question him about the reasons he was requesting leave.

17.     Mr. Ernst, as well as Union County's Human Resources office, had told Mr. Nyerges on several occasions that he could not be asking those types of questions.

18.     Despite telling Mr. Nyerges several times that he could not ask those types of questions, Mr. Nyerges continued to do it. When Mr. Ernst would tell Mr. Nyerges that it was none of his business, Mr. Nyerges would become angry and look for ways to retaliate against Mr. Ernst.

19.     On or around March 11, 2021, Mr. Nyerges requested Mr. Ernst to meet with him to discuss Mr. Ernst's workload.

20.     The two initially talked about Mr. Ernst's workload, but the conversation mostly focused on National Pollutant Discharge Elimination System (NPDES) permits that had not been processed correctly by a former employee.

21.     During the meeting, Mr. Nyerges told Mr. Ernst that he needed to fix the improperly processed NPDES permits.

22.     As Conservation District Manager, Mr. Nyerges was required to sign all approved NPDES permits. Mr. Nyerges signed all of the permits

4

that Mr. Ernst reviewed, but he did not sign all of the permits reviewed by the former employee.

23.     Mr. Nyerges stated to Mr. Ernst that he wanted to retaliate against the former employee who improperly processed the NPDES permits by reporting him to the Department of Environmental Protection.

24.     In addition, Mr. Nyerges blamed Mr. Ernst for the permits not being processed correctly.

25.     Mr. Ernst responded by stating that Mr. Nyerges was ultimately responsible because he signed the permits.

26.     Only a few days before the March 11, 2021 meeting, Mr. Ernst had informed the Conservation District Board's Vice Chair, Lucas Criswell, that Mr. Nyerges was not properly processing and completing the NPDES permits.

27.     Mr. Ernst had also spoke with one of the Union County commissioners about receiving a pay raise or stipend while he was doing the job of two people—his own job and the former employee's job.

28.     Mr. Nyerges was upset and irritated that Mr. Ernst talked to a board member and county commissioner about the improperly processed NPDES permits. This ultimately led to the events of March 30, 2021 (see

below), and Mr. Ernst's unlawful termination of employment on April 8, 2021.

## COUNT I

**Violation of the Age Discrimination in Employment Act**

29.     Mr. Ernst incorporates the allegations of Paragraphs 1-28 above as if fully restated here.

30.     From December 1994 to April 8, 2021, Mr. Ernst was employed by Union County as an Erosion & Sedimentation Pollution Control Technician.

31.     During his employment with Union County, Mr. Ernst's job performance consistently met or exceeded Union County's standards. Mr. Ernst performed his job satisfactorily, and he had no issues with supervisors or other employees. He also had no issues with any members of the public whom he serviced.

32.     On April 8, 2021, Mr. Ernst received a letter from the Union County Commissioners informing him that as of April 8, 2021, his employment with Union County was terminated purportedly for insubordination. A copy of the letter is attached as **Exhibit A**.

33.     At all times prior to Mr. Ernst's termination, he was capable and qualified to perform his job.

34.     At the time his employment was terminated, Mr. Ernst was fifty-seven years old.

35.     Beginning in 2019 and continuing thereafter, Mr. Nyerges told Mr. Ernst and others that Mr. Ernst should retire and needed to retire.

36.     Mr. Nyerges also told members of the public that Mr. Ernst worked with that Mr. Ernst would be retiring soon.

37.     Upon information and belief, after terminating Mr. Ernst, Union County gave Mr. Ernst's job duties and responsibilities to an individual substantially younger than Mr. Ernst.

38.     Mr. Ernst's age was a determining factor in Union County's decision to terminate his employment.

39.     On or about July 14, 2021, Mr. Ernst timely filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") alleging that Union County discriminated against him because of his age and retaliated against him because he was a whistleblower under Pennsylvania law. The charge was dual filed with the Equal Employment

Opportunity Commission ("EEOC"). More than 60 days have passed since Mr. Ernst filed his PHRC charge.

40.     Union County's unlawful acts as alleged have caused Mr. Ernst economic injury and damage from loss of employment, including loss of pay, benefits, and other emoluments of employment.

**WHEREFORE**, Plaintiff Eric E. Ernst respectfully requests that this Court enter judgment in his favor and against Defendant Union County Conservation District, and award Mr. Ernst the following relief:

     a.     Compensatory damages;

     b.     Back pay, with interest thereon, from the date of termination of Mr. Ernst's employment through judgment, including fringe benefits and all other emoluments of employment;

     c.     Liquidated damages in an amount equal to back pay with interest thereon;

     d.     Reinstatement to his former position, or in lieu thereof, front pay form the date of judgment for a reasonable time into the future;

     e.     Mr. Ernst's attorneys' fees, expert witness fees, and all other costs of suit; and

     f.     Any and all other relief that this Court deems just and proper.

8

## COUNT II

41.     Mr. Ernst incorporates the allegations of Paragraphs 1-40 above as if fully restated here.

42.     The acts of Union County as alleged herein violate the PHRA, section 5(a), 43 P.S. § 955(a).

43.     As a result of the acts of Union County as alleged herein, in addition to the injuries described above, Mr. Ernst suffered embarrassment, humiliation, emotional distress, and mental anguish, for which Mr. Ernst seeks damages from Union County.

**WHEREFORE**, Plaintiff Eric E. Ernst respectfully requests that this Court enter judgment in his favor and against Defendant Union County Conservation District, and award Mr. Ernst the following relief:

a.     Compensatory damages;

b.     Back pay, with interest thereon, from the date of termination of Mr. Ernst's employment through judgment, including fringe benefits and all other emoluments of employment;

c.     Liquidated damages in an amount equal to back pay with interest thereon;

d.   Reinstatement to his former position, or in lieu thereof, front pay from the date of judgment for a reasonable time into the future;

e.   Mr. Ernst's attorneys' fees, expert witness fees, and all other costs of suit; and

f.   Any and all other relief that this Court deems just and proper.

## COUNT III

### Violation of Pennsylvania Whistleblower Law

44.   Mr. Ernst incorporates the allegations of Paragraphs 1-43 above as if fully restated here.

45.   The PWBL provides that employees may not be discriminated against, retaliated against, or discharged because they made, or were about to make, good faith reports of wrongdoing. *See* 43 P.S. § 1423.

46.   Union County is an "employer" covered under the PWBL because it employed Mr. Ernst, and Union County is funded "in any amount" by or through the Commonwealth of Pennsylvania and/or various public bodies.

47.   In March 2021, Mr. Ernst reported to his superior, Mr. Nyerges, that NPDES permits were being improperly processed, and that Mr. Nyerges was ultimately responsible for reviewing and signing off on them.

48.     Mr. Ernst also reported this to Lucas Criswell, the Vice Chair of

the Union County Conservation District's board, and reported that there

had been no managerial oversight on numerous NPDES permits for two

years.

49.     In addition to Lucas Criswell, Mr. Ernst also reported the issue

of the improper processing of NPDES permits to one of Union County's

commissioners.

50.     Mr. Nyerges found out that Mr. Ernst had reported the issue of

the improper processing of NPDES permits to Lucas Criswell and a Union

County commissioner. Mr. Nyerges was irritated and upset that Mr. Ernst

did so.

51.     Consequently, as a direct result of reporting the issues of the

improper processing of NPDES permits, Union County, through its agents,

servants, and employees, subsequently retaliated against Mr. Ernst.

52.     The retaliation included pre-textual write ups and hostile

treatment of Mr. Ernst by Mr. Nyerges.

53.     Most notably, on March 30, 2021, Mr. Nyerges demanded that

Mr. Ernst meet with him alone in the map room. Mr. Ernst, who did not

feel comfortable meeting with Mr. Nyerges alone (a fact that was

11

previously relayed to the Chief Clerk, who told Mr. Ernst he did not need to meet with a department head alone if he did not feel it was safe), told Mr. Nyerges that he was not going to meet with him at that time.

54.     Mr. Nyerges then began following Mr. Ernst around the office, demanding he meet with him, and ultimately blocked Mr. Ernst's path so that Mr. Ernst could not leave.

55.     Mr. Ernst asked Mr. Nyerges several times to move, but Mr. Nyerges refused. He then looked Mr. Ernst in the fact and said" Go ahead and push me and see what happens."

56.     Mr. Ernst responded, "You push me and see what happens."

57.     At that point, Mr. Nyerges claimed that Mr. Ernst had threatened him, and he told Mr. Ernst he was calling the police.

58.     Mr. Ernst subsequently agreed to leave the office. He was terminated several days later, purportedly for insubordination.

59.     Mr. Nyerges conduct toward Mr. Ernst on March 30, 2021, was reprisal from the March 11, 2021 meeting between Mr. Ernst and Mr. Nyerges, as well as Mr. Ernst's reports to Lucas Criswell and the Union County commissioner.

60.     Union County's retaliation against Mr. Ernst for making good faith reports of the improper processing of NPDES permits violated the PWBL.

61.     As a direct result of Union County's unlawful retaliation in violation of the PWBL, Mr. Ernst has sustained a loss of earnings, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

62.     As a further direct result of Union County's unlawful retaliation in violation of the PWBL, Mr. Ernst has suffered emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, Plaintiff Eric E. Ernst respectfully requests that this Court enter judgment in his favor and against Defendant Union County Conservation District, and award Mr. Ernst the following relief:

a.      Payment of back wages and benefits from the date of termination, and front pay;

b.      Compensatory damages for future pecuniary loss, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

c.      Pre and post judgment interest, and costs of suit; and

d.      Any other relief that this Court deems just and proper.

Respectfully submitted,

McQUAIDE BLASKO, INC.

Dated:  October 5, 2021            By:    /s/Ethan V. Wilt
Ethan V. Wilt, Esquire
Pa. I.D. No. 325661
evwilt@mqblaw.com
811 University Drive
State College, PA 16801
(814) 238-4926
Fax: (814) 234-5620
*Attorneys for Plaintiff*