IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ERNST | Case No.4:21-CV-01702 |
| Plaintiff, | |
| | Judge: Matthew W. Brann |
| v. | |
| UNION COUNTY CONSERVATION DISTRICT | Complaint filed: 10/05/2021 |
| Defendant | *Electronically Filed* |
| and | |
| UNION COUNTY | |
| Defendant. | |

# **FIRST AMENDED COMPLAINT**

Plaintiff Eric E. Ernst, through his attorneys, McQuaide Blasko, Inc., files this Complaint against Defendants Union County Conservation District and Defendant Union County, and in support thereof avers the following:

1

## Introduction

1. Plaintiff Eric E. Ernst ("Plaintiff" or "Mr. Ernst") initiated this action to redress violations by Defendant Union County Conservation District and Defendant Union County (collectively "Defendants") of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.*, the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.*, and the Pennsylvania Whistleblower Law, 43 P.S. §1421 *et seq.* As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## Parties

2. Mr. Ernst is a 58-year-old male individual, a citizen of the Commonwealth of Pennsylvania, and currently resides at 8000 State Route 44, Watsontown, Pennsylvania 17777.

3. At all relevant times in this case, Mr. Ernst has been at least 40 years of age.

4. Defendant Union County Conservation District ("UCCD") is a political subdivision of the Commonwealth of Pennsylvania, formed on March 6, 1957, under Act 217 "State Soil and Conservation Law". UCCD has offices located at 155 N. 15th Street, Lewisburg, Pennsylvania 17837.

5. Defendant Union County ("Union County") is a political subdivision of the Commonwealth of Pennsylvania.

6. Union County is the employer of UCCD employees and is covered by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and Pennsylvania Whistleblower Law, 43 P.S. § 1421 et seq. ("PWBL").

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this matter pursuant to the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*

8. This court has supplemental jurisdiction over Mr. Ernst's Pennsylvania Human Relations Act ("PHRA") claim, 43 Pa. C.S. § 951, *et seq.* and Plaintiff's Pennsylvania Whistleblower Law claim, 43 P.S. §1421 *et seq.*, which arise from the case and/or controversy as the aforementioned claims, for which this Court has original jurisdiction.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the unlawful acts of age discrimination and retaliation giving rise to Mr. Ernst's claims alleged in his Amended Complaint were committed

within the Middle District of Pennsylvania and Union County maintains a place of business in the Middle District of Pennsylvania.

10. On or about July 14, 2021, Plaintiff jointly filed a charge of discrimination against Union County with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") at 2021-00065. Plaintiff's PHRC and EEOC charges are incorporated by reference as if fully set forth herein.

11. On or about July 14, 2022, the PHRC mailed Plaintiff a right-to-sue letter advising him of his right to bring this action. A true and correct copy of the right-to-sue letter is attached hereto as Exhibit "A".

12. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## Background Facts

13. Mr. Ernst incorporates the allegations of Paragraphs 1-12 above as if fully restated here.

14. Mr. Ernst's employment with Defendants began in 1989. At that time, he was employed in Union County's maintenance department.

15. In or around December 1994, Mr. Ernst began working for UCCD as an Erosion & Sedimentation Pollution Control Technician.

16. Between December 1994 and January 2019, Mr. Ernst had no job-related issues with Defendants.

17. In or around January 2019, Defendants hired Eric Nyerges as Conservation District Manager. Mr. Nyerges was Mr. Ernst's supervisor.

18. Issues between Mr. Ernst and Mr. Nyerges began after he was hired.

19. For example, in February 2020, Mr. Ernst requested time off to attend his granddaughter's funeral. Mr. Nyerges asked Mr. Ernst if his granddaughter's death was the result of a miscarriage, and he ultimately denied Mr. Ernst' request. Mr. Ernst had to go through Union County's Human Resources office in order to have the bereavement day approved.

20. Upon information and belief, Mr. Nyerges would deny Mr. Ernst time off but approve similar requests for other staff members.

21. When Mr. Ernst would request to use sick leave, Mr. Nyerges would question him about the reasons he was requesting leave.

22. Mr. Ernst, as well as Union County's Human Resources office, had told Mr. Nyerges on several occasions that he could not be asking those types of questions.

23. Despite telling Mr. Nyerges several times that he could not ask those types of questions, Mr. Nyerges continued to do it. When Mr. Ernst would tell Mr. Nyerges that it was none of his business, Mr. Nyerges would become angry and look for ways to retaliate against Mr. Ernst.

24. On or around March 11, 2021, Mr. Nyerges requested Mr. Ernst to meet with him to discuss Mr. Ernst's workload.

25. The two initially talked about Mr. Ernst's workload, but the conversation mostly focused on National Pollutant Discharge Elimination System (NPDES) permits that had not been processed correctly by a former employee.

26. During the meeting, Mr. Nyerges told Mr. Ernst that he needed to fix the improperly processed NPDES permits.

27. As Conservation District Manager, Mr. Nyerges was required to sign all approved NPDES permits. Mr. Nyerges signed all of the permits that Mr. Ernst reviewed, but he did not sign all of the permits reviewed by the former employee.

28. Mr. Nyerges stated to Mr. Ernst that he wanted to retaliate against the former employee who improperly processed the NPDES permits by reporting him to the Department of Environmental Protection.

29.     In addition, Mr. Nyerges blamed Mr. Ernst for the permits not being processed correctly.

30.     Mr. Ernst responded by stating that Mr. Nyerges was ultimately responsible because he signed the permits.

31.     Only a few days before the March 11, 2021 meeting, Mr. Ernst had informed the Conservation District Board's Vice Chair, Lucas Criswell, that Mr. Nyerges was not properly processing and completing the NPDES permits.

32.     Mr. Ernst had also spoke with one of the Union County commissioners about receiving a pay raise or stipend while he was doing the job of two people—his own job and the former employee's job.

33.     Mr. Nyerges was upset and irritated that Mr. Ernst talked to a board member and county commissioner about the improperly processed NPDES permits. This ultimately led to the events of March 30, 2021 (see below), and Mr. Ernst's unlawful termination of employment on April 8, 2021.

34.     On March 30, 2021, Mr. Nyerges demanded that Mr. Ernst meet with him alone in the map room. Mr. Ernst, who did not feel comfortable meeting with Mr. Nyerges alone (a fact that was previously relayed to the

Chief Clerk, who told Mr. Ernst he did not have to meet with a department head alone if he did not feel it was safe), told Mr. Nyerges that he was not going to meet with him at that time.

35.    Mr. Nyerges then began following Mr. Ernst around the office, demanding he meet with him, and ultimately blocked Mr. Ernst's path so that Mr. Ernst could not leave.

36.    Mr. Ernst asked Mr. Nyerges several times to move, but Mr. Nyerges refused. He then looked Mr. Ernst in the face and said "go ahead and push me and see what happens."

37.    Mr. Ernst responded, "you push me and see what happens."

38.    At that point, Mr. Nyerges claimed that Mr. Ernst had threatened him, and he told Mr. Ernst that he was calling the police.

39.    Mr. Ernst subsequently agreed to leave the office. He was terminated several days later.

## COUNT I
### Violation of the Age Discrimination in Employment Act

40.    Mr. Ernst incorporates the allegations of Paragraphs 1-39 above as if fully restated here.

41. From December 1994 to April 8, 2021, Mr. Ernst was employed by Union County as an Erosion & Sedimentation Pollution Control Technician for UCCD.

42. During his employment, Mr. Ernst's job performance consistently met or exceeded Defendants' standards. Mr. Ernst performed his job satisfactorily, and he had no issues with supervisors or other employees. He also had no issues with any members of the public whom he serviced.

43. On April 8, 2021, Mr. Ernst received a letter from the Union County Commissioners informing him that as of April 8, 2021, his employment with Union County and UCCD was terminated purportedly for insubordination. A true and correct copy of the right-to-sue letter is attached hereto as Exhibit "B".

44. At all times prior to Mr. Ernst's termination, he was capable and qualified to perform his job.

45. At the time his employment was terminated, Mr. Ernst was fifty-seven years old.

46. Beginning in 2019 and continuing thereafter, Mr. Nyerges told Mr. Ernst and others that Mr. Ernst should retire and needed to retire.

47. Mr. Nyerges also told members of the public that Mr. Ernst worked with that Mr. Ernst would be retiring soon.

48. Union County and UCCD knew of the discriminatory conduct Mr. Ernst was facing and failed to take prompt remedial action to remedy the conduct.

49. At the time his employment was terminated, Mr. Ernst was fifty-seven (57) years old.

50. Upon information and belief, after terminating Mr. Ernst, Defendants gave Mr. Ernst's job duties and responsibilities to an individual substantially younger and/or less experienced than Mr. Ernst.

51. Mr. Ernst believes and therefore avers that his age was a determining factor in Union County's decision to terminate his employment with UCCD.

52. The foregoing misconduct by Defendants constitutes unlawful age discrimination under the ADEA.

53. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants, Mr. Ernst suffered economic injury and damage from loss of employment, including loss of pay, benefits, and other emoluments of employment.

**WHEREFORE**, Plaintiff Eric E. Ernst respectfully requests that this Court enter judgment in his favor and against Defendants and award Mr. Ernst the following relief:

- a. Compensatory damages;

- b. Back pay, with interest thereon, from the date of termination of Mr. Ernst's employment through judgment, including fringe benefits and all other emoluments of employment;

- c. Liquidated damages in an amount equal to back pay with interest thereon;

- d. Reinstatement to his former position, or in lieu thereof, front pay from the date of judgment for a reasonable time into the future;

- e. Mr. Ernst's attorneys' fees, expert witness fees, and all other costs of suit; and

- f. Any and all other relief that this Court deems just and proper.

## COUNT II
## Violation of the Pennsylvania Human Relations Act

54. Mr. Ernst incorporates the allegations of Paragraphs 1-53 above as if fully restated here.

55. The acts of Union County as alleged herein violate the PHRA, section 5(a), 43 P.S. § 955(a).

56. At all times relevant hereto, Mr. Ernst was an "individual employee" within the meaning of the PHRA.

57. Defendants' decision to terminate Mr. Ernst's employment was because of his age, which was approximately fifty-seven (57) years old.

58. As a result of the acts of Defendants as alleged herein, in addition to the injuries described above, Mr. Ernst suffered embarrassment, humiliation, emotional distress, and mental anguish, for which Mr. Ernst seeks damages from Union County and UCCD.

**WHEREFORE**, Plaintiff Eric E. Ernst respectfully requests that this Court enter judgment in his favor and against Defendants and award Mr. Ernst the following relief:

    a. Compensatory damages;

  b. Back pay, with interest thereon, from the date of termination of Mr. Ernst's employment through judgment, including fringe benefits and all other emoluments of employment;

  c. Liquidated damages in an amount equal to back pay with interest thereon;

  d. Reinstatement to his former position, or in lieu thereof, front pay from the date of judgment for a reasonable time into the future;

  e. Mr. Ernst's attorneys' fees, expert witness fees, and all other costs of suit; and

  f. Any and all other relief that this Court deems just and proper.

## COUNT III

### Violation of Pennsylvania Whistleblower Law

59. Mr. Ernst incorporates the allegations of Paragraphs 1-58 above as if fully restated here.

60. The PWBL protects employees against discrimination and retaliation if the worker makes a good faith report of wrongdoing or waste to one of the person's superiors, to an agent of the employer, or to an appropriate authority. *See* 43 P.S. § 1423.

61. UCCD is an "employer" covered under the PWBL because it employed Mr. Ernst, and is funded "in any amount" by or through the Commonwealth of Pennsylvania and/or various public bodies.

62. Union County is an "employer" covered under the PWBLW because it employed Mr. Ernst through the UCCD and it is a "public body" as defined in the PWBL, in that Union County is funded in some amount by or through the Commonwealth or political subdivision authority.

63. In March 2021, Mr. Ernst reported to his superior, Mr. Nyerges, that NPDES permits were being improperly processed, and that Mr. Nyerges was ultimately responsible for reviewing and signing off on them.

64. Mr. Ernst also reported this to Lucas Criswell, the Vice Chair of the Union County Conservation District's board, and reported that there had been no managerial oversight on numerous NPDES permits for two years.

65. In addition to Lucas Criswell, Mr. Ernst also reported the issue of the improper processing of NPDES permits to one of Union County's commissioners.

66. Mr. Ernst made these reports in good faith. The reports were made to individuals with whom it was appropriate and reasonable to make such a report. The reports were made without malice or personal benefit.

67. As a direct result of reporting the issues of the improper processing of NPDES permits, Defendants, through its agents, servants, and employees, subsequently retaliated against Mr. Ernst.

68. Mr. Nyerges retaliated against Mr. Ernst after finding out that he had reported the issue to his superiors.

69. The retaliation included pre-textual write ups and hostile treatment of Mr. Ernst by Mr. Nyerges.

70. Most notably, as previously discussed, on March 30, 2021 Mr. Nyerges demanded that Mr. Ernst meet with him alone in the map room. Mr. Ernst, who did not feel comfortable meeting with Mr. Nyerges alone (a fact that was previously relayed to the Chief Clerk, who told Mr. Ernst he did not need to meet with a department head alone if he did not feel it was safe), told Mr. Nyerges that he was not going to meet with him at that time.

71. Mr. Nyerges then began following Mr. Ernst around the office, demanding he meet with him, and ultimately blocked Mr. Ernst's path so that Mr. Ernst could not leave.

72. Mr. Ernst asked Mr. Nyerges several times to move, but Mr. Nyerges refused. He then looked Mr. Ernst in the fact and said" Go ahead and push me and see what happens."

73. Mr. Ernst responded, "You push me and see what happens."

74. At that point, Mr. Nyerges claimed that Mr. Ernst had threatened him, and he told Mr. Ernst he was calling the police.

75. Mr. Ernst subsequently agreed to leave the office. He was terminated several days later, purportedly for insubordination.

76. Mr. Nyerges conduct toward Mr. Ernst on March 30, 2021, was reprisal from the March 11, 2021 meeting between Mr. Ernst and Mr. Nyerges, as well as Mr. Ernst's reports to Lucas Criswell and the Union County commissioner.

77. Union County's retaliation against Mr. Ernst for making good faith reports of the improper processing of NPDES permits violated the PWBL.

78. As a direct result of Union County's unlawful retaliation in violation of the PWBL, Mr. Ernst has sustained a loss of earnings, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

79. As a further direct result of Union County's unlawful retaliation in violation of the PWBL, Mr. Ernst has suffered emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE**, Plaintiff Eric E. Ernst respectfully requests that this Court enter judgment in his favor and against Defendants and award Mr. Ernst the following relief:

a. Payment of back wages and benefits from the date of termination, and front pay;

b. Compensatory damages for future pecuniary loss, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

c. Pre and post judgment interest, and costs of suit; and

d. Any other relief that this Court deems just and proper.

                                              Respectfully submitted,

                                              McQUAIDE BLASKO, INC.

Dated:  August 24, 2022          By:  /s/Philip K. Miles, III, Esquire

                                              Philip K. Miles III, Esquire
                                              Pa. I.D. No. 209425
                                              pkmiles@mqblaw.com
                                              Emily A. Ishler, Esquire
                                              Pa. I.D. No. 329418
                                              eaishler@mqblaw.com
                                              811 University Drive
                                              State College, PA 16801
                                              (814) 238-4926
                                              Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ERNST | Case No.4:21-CV-01702 |
| Plaintiff, | |
| v. | Judge: Matthew W. Brann |
| UNION COUNTY CONSERVATION DISTRICT | Complaint filed: 10/05/2021 |
| Defendant | *Electronically Filed* |
| and | |
| UNION COUNTY | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the First Amended Complaint on behalf of Plaintiff Eric Ernst in the above-captioned matter was served via ECF and/or U.S. First Class Mail on this 24th day of August, 2022, to the following attorney of record:

| | |
|---|---|
| Nicole M. Ippolito, Esq. | Equal Employment |
| 433 Market Street | Opportunity Commission |
| Williamsport, PA 17701 | Philadelphia District Office |
| nippolito@mpvhlaw.com | 801 Market Street, Suite 1000 |
| (Attorney for Defendant's) | Philadelphia, PA  19107 |

Commonwealth of Pennsylvania
Human Relations Commission
1101-1125 S. Front Street, 5th Floor
Harrisburg, PA  17104-2515

                        McQUAIDE BLASKO, INC.

                    By:  /s/Philip K. Miles, III, Esquire

                        Philip K. Miles III, Esquire
                        Pa. I.D. No. 209425
                        pkmiles@mqblaw.com
                        811 University Drive
                        State College, PA 16801
                        (814) 238-4926
                        Attorneys for Plaintiff